IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Linda Mazurkiewicz,   Case No. 3:09CV0167

      Plaintiff,

v.   ORDER

Commissioner of Social Security,

      Defendant.

In this appeal, I review defendant Commissioner of Social Security's (Commissioner) final decision denying plaintiff Linda Mazurkiewicz's claims for Widow's Insurance Benefits (WIB) under Title II and Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. § 402(e) and § 423(d). Jurisdiction is proper under 28 U.S.C. § 1331 and 42 U.S.C. § 405(g).

Mazurkiewicz objects to the Magistrate Judge's Report and Recommendation (Magistrate's Report]) [Doc. 18] and requests that I reverse the Commissioner's decision. [Doc. 19]. For the following reasons, and based on a *de novo* review of the record, I overrule Mazurkiewicz's objections to the Magistrate's Report and Recommendation.

**Factual Background**

Because the Magistrate's Report laid out the facts supporting Mazurkiewicz's applications to the Social Security Administration, including her medical history, I only briefly describe the relevant information here.

At the time of the hearing before the Administrative Law Judge (ALJ), Mazurkiewicz was fifty-three years old. In 1996, she had a car accident, and her injuries included total body whiplash. She wears a neck brace, takes thirteen pills daily, and walks with a cane.

Mazurkiewicz has been treated for emphysema, asthma, fibromyalgia, borderline rheumatory arthritis, gastrointestinal reflux disease, prolonged elevation of cholesterol, vitiligo, scabies, dermatitis, a thyroid nodule, degenerative disc disease, and least advanced spondylolisthesis. She uses an "atomizer" as needed, to assist with breathing. She has a limited range of motion in her cervical spine and a mild motor neuropathy. Mazurkiewicz has undergone unsuccessful treatments by epidural injection, physical therapy, aquatic therapy and pain management. The pain persists in her neck and shoulders, radiating throughout her entire body.

Mazurkiewicz also suffers mental ailments. She has been diagnosed with depression, anxiety, and dysthymic disorder.

On March 31, 2005, Dr. Vicki Casterline, Ph.D. conducted a mental residual functional capacity (RFC) assessment, in which she diagnosed Mazurkiewicz with dysthymic disorder and concluded that Mazurkiewicz had moderate limitations in her ability to understand, remember and carry out detailed instructions, maintain attention and concentration for extended periods, interact appropriately with the general public, accept instructions, and respond appropriately, and get along with coworkers or peers without distracting them or exhibiting behavior extremes. Dr. Casterline also found Mazurkiewicz's claims mostly credible.

On April 1, 2005, Dr. Robert Norris conducted a physical RFC, in which he concluded that Mazurkiewicz could: lift and/or carry twenty pounds occasionally and ten pounds frequently; could stand and/or walk about six hours in an eight-hour workday; sit, with normal breaks, about six hours in an eight-hour workday; and could engage in unlimited pushing and/or pulling. Dr. Norris concluded, however, that climbing using a ladder/rope/scaffold and exposure to extreme cold, extreme heat, humidity, fumes and odors were contraindicated but that Mazurkiewicz could occasionally stoop, kneel, crouch and crawl. He noted no manipulative, visual or communicative limitations.

In August, 2005, Dr. Glenn Swimmer, Ph.D., opined that Mazurkiewicz exhibited disinhibition and her mood was depressed. He stated that her symptoms responded poorly to treatment.

**Procedural Background**

On August 17, 2004, Mazurkiewicz filed an application for WIB and SSI. The applications were denied initially and upon reconsideration. On January 24, 2006, Mazurkiewicz requested a hearing before an ALJ. On November 26, 2007, Mazurkiewicz, appeared with counsel and testified at a hearing conducted by ALJ Bryan Bernstein. Dr. Joseph Havranek, a Vocational Specialist (VS) also appeared and testified.

On June 23, 2008, the ALJ denied Mazurkiewicz's applications for WIB and SSI.. On November 26, 2008, the Appeals Council denied her request for review, rendering the ALJ's decision the final decision of the Commissioner.

Mazurkiewicz then sought judicial review of the Commissioner's decision, leading to Magistrate Judge Vernelis K. Armstrong's January 18, 2010, Report and Recommendation affirming the Commissioner's decision.

**Standard for Disability**

A WIB claimant must meet the same standard for disability as a Disability Insurance Benefit claimant, that defined by 42 U.S.C. § 423(d). *Carreon v. Massanari*, 51 F. App'x 571, 573 n.1 (6th Cir. 2002) (unpublished disposition). To determine disability, the ALJ engages in a sequential, five-step evaluative process. 20 C.F.R. § 404.1520 (1999). The ALJ considers whether: 1) claimant is engaged in work that constitutes substantial gainful activity; 2) claimant is severely impaired; 3) claimant's impairment meets or equals the Secretary's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, App. 1; 4) claimant can perform past relevant work; and 5) other jobs exist in significant numbers to accommodate claimant if claimant cannot perform his past relevant work, given his RFC, age, education and past work experience. *Id.* The claimant bears the burden of proof at steps one through four, after which the burden shifts to the Commissioner at step five. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004).

**ALJ Findings**

The ALJ found that:

1) "The claimant is the unmarried widow of the deceased insured worker and has attained the age of 50. The claimant meets the non-disability requirements for disabled widow's benefits set forth in section 202(e) of the Social Security Act;"

2) "The prescribed period ends on June 30, 2009";

3) "The claimant has not engaged in substantial gainful activity since July 30, 1996, the alleged onset date";

4) "The claimant has severe impairments";

5) "The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 30 CFR Part 404 or SubPart P, Appendix 1";

6) "The claimant is not reliable";

7) "After careful consideration of the entire record, it is considered that the claimant has the residual capacity to a restricted range of work activity";

8) "The claimant has no past relevant work";

9) "The claimant was born on January 25, 1954 and was 32 years old, which is defined as a younger individual, on the alleged disability onset date, and she was 50 years old on the date her application was filed";

10) "The claimant has at least a high school education and is able to communicate in English";

11) "Transferability of job skills is not an issue because the claimant does not have past relevant work";

12) "Considering claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform"; and

13) "The claimant has not been under a disability, as defined in the Social Security Act, from July 30, 1996, through the date of this decision (20 CFR 404.1520(g) and 416.920(g))."

[R. at 13-23].

## Standard of Review

When reviewing the Magistrate's Report, I make a *de novo* determination of the portions to which Mazurkiewicz objects. 28 U.S.C. § 636(b)(1).

In reviewing the Commissioner's decision, I must determine whether substantial evidence supports the ALJ's findings, and whether the ALJ applied the proper legal standards. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). I "may not try the case de novo, nor resolve

conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). If substantial evidence supports it, I must affirm the ALJ's decision, even if I would have decided the matter differently. 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard*, *supra*, 889 F.2d at 681 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In determining whether substantial evidence in support of the ALJ's findings exists, I view the record as a whole, *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980), and consider anything in the record suggesting otherwise. *See Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978).

**Discussion**

Mazurkiewicz argues that the Magistrate Judge applied the wrong standard of disability for payment of WIB. She also objects to the Magistrate's findings that the ALJ: 1) permissibly discounted the opinions of treating physicians Drs. Jain and Swimmer; 2) correctly applied the Vocational Factors; and 3) determined Mazurkiewicz's reliability consistently with the regulations.[1] [Doc. 19].

**I. Standard of Disability**

The parties agree that, in her report [Doc. 18, at 8-9], the Magistrate set forth the incorrect Standard of Disability Under DIB. [Doc. 19, at 1-2]; [Doc. 22, at 2]. They also agree that the

---

[1] In her introductory paragraph, Mazurkiewicz also appears to object to the Magistrate's finding that her treatment was minimal and conservative. Because she did not brief this issue, I do not address it.

amended framework for determining disability in widow's claims is the same as that applied to Title II wage earners. [Doc. 19, at 1-2]; [Doc. 22, at 2]. I find, however, that the Magistrate used the correct standard in her analysis. Therefore, while the Magistrate initially stated an incorrect standard, she proceeded to apply the correct standard. Her initial mistake was harmless.

## II. Opinions of Treating Physicians

Mazurkiewicz objects to the Magistrate's finding that the ALJ properly discounted the opinions of treating psychologist Dr. Swimmer and treating physician Dr. Jain. The opinions of treating physicians[2] have greater weight than those of non-treating doctors in Social Security cases. 20 C.F.R. § 404.1527(d)(2); *Wilson*, *supra*, 378 F.3d at 544; *see also* SSR 96-2p (1996). Even if the treating physician's opinion is not given controlling weight, "there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).

The ALJ must give the treating physician's opinion controlling weight if he finds the opinion "well supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2).

Before refusing to give a treating source controlling weight, the ALJ must consider certain factors—"namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the

---

[2] Social Security regulations distinguish between different types of medical sources. A "treating source" is "your own physician, psychologist, or other acceptable medical source who provides you, or has provided you with medical treatment or evaluation, and who has, or had, an ongoing treatment relationship with you." 20 C.F.R. § 404.1502. A "nonexamining source" is a medical source "who has not examined you but provides a medical or other opinion in your case." *Id.* A "nontreating source" is a medical source "who has examined you but does not have, or did not have, an ongoing treatment relationship with you." *Id.*

opinion with the record as a whole, and the specialization of the treating source—in determining what weight to give the opinion." *Wilson*, *supra*, 378 F.3d at 544 (citing 20 C.F.R. § 414.1527(d)(2)).

To discount the opinion of a treating physician, it is sufficient for an ALJ to conclude a treating physician's opinion is: 1) "inconsistent with the overall evidence of record;" and 2) based solely on the claimant's "reporting of her symptoms and her conditions" which the ALJ found not to be credible. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007).

A conclusory medical opinion is not entitled to controlling weight. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) ("[T]he ALJ is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." (internal citation and quotation omitted)). The ALJ also need not defer to a physician's determination of whether or not a claimant is disabled. *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007).

A treating physician's opinion that is not given controlling weight is not necessarily rejected. *See Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993) ("This court has consistently stated that the [Commissioner] is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence.").

An ALJ must provide "good reasons" for the amount of weight given to a treating physician's opinion. 20 C.F.R. § 404.1527(d)(2). These reasons must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p. Failure to provide such reasons

"denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Rogers*, *supra*, 486 F.3d at 243.

### A. Dr. Swimmer

Dr. Swimmer's opinion questionnaire is conclusory and not entitled to controlling weight. *See Buxton*, *supra*, 246 F.3d at 773. Dr. Swimmer did not attach any treatment notes or indication of his use of clinical diagnostic techniques.

Dr. Swimmer's finding that Mazurkiewicz acted inappropriately in social situations, moreover, is not consistent with the other medical evidence. Substantial evidence exists, therefore, to support the ALJ's finding that Dr. Swimmer's opinion should be accorded little weight. The ALJ provided these reasons, among others, for discounting Dr. Swimmer's opinion

Mazurkiewicz further contends that though all mental health professionals found mild to moderate impairment in all areas assessed, the ALJ, "rejected the treating psychologists' opinion by picking out differences among the various reports and using them as a basis to call them unsupported." [Doc. 19, at 3]. This is not supported by the record. Consistently with the medical findings, the ALJ found Mazurkiewicz to have mild to moderate limitations of the majority of the areas assessed. These limitations were accommodated in the RFC. I find, therefore, that Mazurkiewicz's contention is unsupported.

### Dr. Jain

The ALJ found that the evidence did not support the opinions of Dr. Jain. He noted that Dr. Jain listed diagnoses of asthma, sinusitis, and restless leg syndrome, and accompanying limitations in Mazurkiewicz's non-exertional activities such as seeing or hearing. The ALJ found that nonsensical nature of the questionnaire and the lack of support for the responses in Dr. Jain's own

treatment notes led to an assumption that "Dr. Jain simply completed the form as instructed by the claimant." [R. at 19].

If substantial evidence supports it, I must affirm the ALJ's decision, even if I would have decided the matter differently. 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, *supra,* 708 F.2d at 1059. In this case, while I would have framed the issue as one of reliance on subjective complaints as opposed to accusations of physician incredibility, substantial evidence exists to support the ALJ's determination to give minimal weight to Dr. Jain's opinion. As the ALJ adequately explained, the opinion is internally illogical and inconsistent with the record as the whole. In addition, it Dr. Jain opines on issues outside of his medical specialization. *See Wilson*, *supra*, 378 F.3d at 544

For these reasons, I adopt the Magistrate's Report and overrule Mazurkiewicz's objections on this issue.

### III. Medical-Vocational Guidelines

Mazurkiewicz argues that the ALJ should have found her disabled according to the Medical-Vocational Guidelines (grid) because: 1) "Social Security found [her] disabled on a new application"; and 2) "an individual who is closely approaching advanced age, has a high school education and no past relevant work, is disabled if she is limited by her impairments to sedentary work at best." [Doc. 19].

I am limited in my review to "evidence that was available to the Secretary, and to determine whether the decision of the Secretary is supported by substantial evidence." *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992) (citing *Richardson*, *supra*, 402 U.S. at 401.) "Where a party presents new evidence on appeal, this court can remand for further consideration of

10

the evidence only where the party seeking remand shows that the new evidence is material." *Id.* (citing *Willis v. Secretary of Health & Human Servs.*, 727 F.2d 551, 553-54 (6th Cir. 1984)).

A subsequent favorable decision alone, however, "as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence." *Allen v. Comm'r of Social Sec.,* 561 F.3d 646, 652-53 (6th Cir. 2009) (citing *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988)).

Mazurkiewicz has not presented additional information on which her new application was approved. She has failed, then, under *Wyatt*, to prove to set forth any new material evidence. 974 F.2d at 685. I find, therefore, that the existence of this subsequent favorable decision alone, is not enough to remand the case to the ALJ. *See Allen, supra,* 561 F.3d at 652-53.

I turn, then, to Mazurkiewicz's second contention. Mazurkiewicz argues that under grid rule 201.12, App 2 to Subpt. P, 20 C.F.R. Pt. 404, she meets the vocational profile of an individual who can be found disabled. Rule 201.12 requires a finding that a claimant have a "maximum sustained work capability limited to sedentary work.."

The ALJ did not find, however, that Mazurkiewicz is limited to sedentary work. He found that "claimant requires the option to sit or stand while working, and relevant impairments prevent her from standing and walking longer than 75 percent of an eight-hour workday." [R. at 16]. Mazurkiewicz is correct, therefore, that § 201.12 directs a finding of disabled. She does not, however, fit into that category.

SSR 83-12 anticipates situations in which an individual's exertional capacity "level falls between two rules which direct opposite conclusions, *i.e.*, 'Not disabled' at the higher exertional level and 'Disabled' at the lower level" and states:

11

>In situations where rules would direct different conclusions, and the individual's exertional limitations are somewhere "in the middle" in terms of the regulatory criteria for exertional ranges of work, more difficult judgments are involved as to the sufficiency of the remaining occupational base to support a conclusion as to disability. Accordingly, [vocational specialist] assistance is advisable for these types of cases.

On finding that Mazurkiewicz was not limited to sedentary work but could not perform the full range of light work, the ALJ followed SSR 83-12 and sought the testimony of a vocational specialist, Dr. Havranek, to aid in his determination of disability.

Dr. Havranek testified that a hypothetical individual with the same RFC as Mazurkiewicz could perform a significant number of jobs in the national economy, including 4,750 to 6,250 in the regional economy. [R. at 495].

Because of the ALJ's reliance on Dr. Havranek's testimony, in accordance with SSR 83-12, I find that the ALJ's use of the grids and finding of "not disabled" is supported by substantial evidence. I, therefore, affirm his decision.

### IV. ALJ's Credibility Determination

Mazurkiewicz objects to the Magistrate's finding that the ALJ's credibility determination was consistent with the regulations.[3]

On review, I accord an ALJ's determination of credibility great weight, as the "ALJ has the opportunity, which [I] do not, of observing a witness's demeanor while testifying." *Jones v. Commissioner of Social Sec.*, 336 F.3d 469, 476 (6th Cir. 2003). In reviewing an ALJ's credibility determination, I am "limited to evaluating whether or not the ALJ's explanations for partially

---

[3] I agree with Mazurkiewicz that the regulations require the ALJ to consider credibility as opposed to reliability. The ALJ, however, did in fact analyze credibility despite using the word reliability. *See* Doc. 18. I will, therefore, discuss the ALJ's findings in terms of credibility, and not reliability.

12

discrediting [claimant's testimony] are reasonable and supported by substantial evidence in the record." *Id.*

An ALJ may properly discount a claimant's credibility "'to a certain degree ... where an [ALJ] finds contradictions among the medical reports, claimant's testimony, and other evidence.'" *Cruse v. Comm'r of Soc. Sec.* 502 F.3d 532, 542 (6th Cir. 2007) (quoting *Walters v. Comm'r of Social Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)).

The ALJ found Mazurkiewicz not credible because she: 1) gave inconsistent testimony regarding her work history; 2) provided misleading statements regarding restrictions placed on her ability to drive; 3) gave inconsistent statements regarding her ability to do daily activities; 4) reported and had a history of reporting medical conditions with which she may not have been diagnosed; 5) reported having asthma attacks from being close to someone smelling of smoke yet admitted to smoking marijuana throughout the relevant period; 6) showed instances of exaggerations of pain and limitation. In addition, the ALJ found the medical evidence contradicted plaintiff's testimony.

The ALJ's determination that Mazurkiewicz is not credible is supported by substantial evidence in the record. Moreover, Mazurkiewicz provides no support for her contention that the ALJ has a "presumption against the credibility of disability claimants," [Doc. 19, at 4], and I find none in the record. I, therefore, adopt the Magistrate's Report and overrule Mazurkiewicz's objections on this issue.

## Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT

1. Plaintiff's objections to the Report and Recommendation of the United States Magistrate be, and the same hereby are, overruled;

2. Plaintiff's other objections to the ALJ's decision be, and the same hereby are, are overruled.

The Clerk shall enter judgment accordingly.

So ordered.

/s/ James G. Carr
James G. Carr
Chief Judge